**No. 47172.**—Protest 22004–K/12020 of Sam Reisfeld & Son (New Orleans).

Opinion by WALKER, J. A partner in the importing firm testified that such merchandise had always been purchased and sold by his firm as castile soap; that it is intended for use in washing the hands and face and body; that the oval form of the castile soap made it no more useful for those purposes than castile soap in other forms; and that he knew of no other use for castile soap than for washing human beings, except that some people used it for washing fine silks and fine woolens because of its mildness. On cross-examination he admitted that the castile soap is sometimes imported in 4-pound bars which are cut up into cakes or pieces before it is usable for toilet purposes. In the defendant's brief it was pointed out that a designation by use prevails over an *eo nomine* designation. In view of *United States* v. *Massin* (16 Ct. Cust. Appls. 19, T. D. 42714) the court was of the opinion that were the rule of the precedence of a designation by use over an *eo nomine* designation applied to the soap paragraph, all castile soap in the form and shape suitable to be used for toilet purposes would be classifiable

under the provision for toilet soap (30 percent ad valorem), leaving the provision for castile soap (15 percent ad valorem) to be applied only to castile soap in such form or shape as is not usable for toilet soap, and that this would make the specific provision for castile soap a useless act on the part of Congress.. It was therefore found that the provision for castile soap must be construed as embracing such soap in all its forms, including such form as is usable as toilet soap. The claim at 15 percent under paragraph 80 was therefore sustained.